IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOSEPH WAYNE HUNTER, #01981619, PETITIONER, v. LORIE DAVIS, DIRECTOR, TDCJ-CID, RESPONDENT. | § § § § § § § § § CIVIL CASE NO. 3:17-CV-1886-L-BK |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, the petition for writ of habeas corpus under 28 U.S.C. § 2254 was referred to the United States magistrate judge for a recommended disposition. Upon review of the relevant pleadings and applicable law, the habeas corpus petition should be **DENIED**.

**I.  BACKGROUND**

A jury convicted Petitioner Joseph Wayne Hunter ("Hunter") of aggravated assault with a deadly weapon, serious bodily injury, and family violence, and sentenced him to 25 years' imprisonment. *State v. Hunter*, No. F13-56295, Doc. 17-16 at 41 (265th Jud. Dist. Ct., Dallas Cty., Tex., Aug. 28, 2014), *aff'd*, No. 05-14-01146-CR, 2016 WL 1085556 (Tex. App.–Dallas 2016, pet. ref'd). Subsequently, without issuing a written order, the Texas Court of Criminal

Appeals denied state habeas relief on the trial court's findings. *Ex Parte Hunter*, No. WR-83,490-05, Doc. 17-11 (Tex. Crim. App. May 24, 2017).[1]

Subsequently, Hunter filed the *pro se* habeas petition in this case, alleging ineffective assistance of counsel and prosecutorial misconduct, claiming actual innocence, and challenging the sufficiency of the evidence.[2] Doc. 3 at 6-8; *see also* Doc. 3 at 13-20 (*Memorandum in Support*). Respondent argues some of the claims are procedurally barred and the others lack merit. Doc. 14. Hunter filed a reply seeking to rebut Respondent's arguments. Doc. 19. He later filed pleadings titled "Motion to Reconsider" (Doc. 21, reasserting his procedurally barred claims), "Motion of Course" (Doc. 22, arguing Respondent refused to respond to his procedurally barred grounds on the merits), "Motion for Partial Summary Judgment" (Doc. 24, providing new arguments to support his actual-innocence and sufficiency-of-evidence claims), "First Motion of Civil Procedure to Amend Pleadings to Conform Pleading to Evidence and to Raise Unpleaded Issues as Abuse of Discretion" (Doc. 23, seeking leave to amend to raise new claims), and "Omnibus Motion to Conform Evidence to Pleading and Motion for Summary Partial Judgment Based on Supporting Evidence of Facts" (Doc. 27 seeking to amend to raise new claims and arguments). Petitioner also filed a pleading he titled "Motion for State to Produce Record to Support Sufficiency of Evidence," which requests an evidentiary hearing and

---

[1] Hunter's subsequent applications were denied because the trial court's findings in No. WR-83,490-05 addressed all of Hunter's claims. *See* Doc. 17-15 at 9 (noting that the allegations raised in the "E" and "F" applications were also raised in the "D" application and are without merit); *Ex Parte Hunter*, No. WR-83,490-06 & -07, Doc. 17-18; Doc. 17-22 (Tex. Crim. App. Mar. 1 & May 24, 2017) (denying applications without written order).

[2] For the sake of clarity, the Court adopts the summary of the grounds as set out in Respondent's answer and refers to each claim by the number provided in Respondent's answer. Doc. 14 at 1-2.

something he refers to as "Call Notes." Doc. 26. Respondent's answer prospectively opposes any attempt by Hunter to raise new claims or evidence. Doc. 14 at 6.

For the reasons set out below, the Court considers the substance of the arguments in Hunter's motions but recommends that his request for leave to amend to raise new claims and arguments be denied as futile.

## II.     PROCEDURALLY BARRED CLAIMS

### A. Ineffectiveness Claims are Unexhausted and Procedurally-Barred in part

A petitioner must fully exhaust state remedies by fairly presenting the factual and legal basis of any claim to the highest state court for review before seeking federal habeas relief. *See* 28 U.S.C. § 2254(b); *Morris v. Dretke*, 413 F.3d 484, 490-91 (5th Cir. 2005). A Texas prisoner may satisfy that requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or in an application for a state writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure. *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998). Failure to exhaust is generally a procedural bar to federal habeas review, although the federal court may excuse the bar if the petitioner can demonstrate either cause or prejudice for the default or that the court's failure to consider the claims will result in a fundamental miscarriage of justice. *Ries v. Quarterman*, 522 F.3d 517, 523-24 (5th Cir. 2008) (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)).

Hunter does not attempt to refute the Respondent's argument that he failed to exhaust Claim 1 (in part) and Claim 3, in which he alleges ineffective assistance of counsel at trial (for failing to subpoena certain witnesses and to investigate the 911 call notes and the investigator reports) and on appeal (for failing to raise the same issues Hunter later raised in his state habeas

applications). The Court's comparison of the claims raised in the instant federal petition, Doc. 3 at 6-7, with those raised in Hunter's state application, Doc. 17-16 at 11-21, *see also* Doc. 17-15 at 7-8 (trial court's summary of the grounds), confirms Hunter's failure to exhaust.

Hunter's failure to exhaust state court remedies constitutes a procedural default that bars this Court from considering his ineffective assistance claims. *Morris*, 413 F.3d at 491-92; *Ries*, 522 F.3d at 523-24. Furthermore, Hunter has not alleged or shown cause for the default and actual prejudice, or that a fundamental miscarriage of justice would occur if the Court were to refuse to consider his claims. *See Coleman*, 501 U.S. at 750; *see also Martinez v. Ryan*, 566 U.S. 1, 13 (2012) ("only where a prisoner is impeded . . . in complying with the State's established procedures will a federal habeas court excuse the prisoner from the usual sanction of default"). In his *Motion to Reconsider* Hunter simply re-asserts his procedurally barred claims and, in his *Motion of Course*, he avers that Respondent refused to respond to his procedurally barred grounds on the merits. Doc. 21 at 1-3; Doc. 22 at 1.

Accordingly, Claim 3 and part of Claim 1 (the remainder of Claim one will be addressed below) should be dismissed with prejudice as unexhausted and procedurally barred.

### B. No Evidence Claim is also Procedurally Barred - Claim 4

Petitioner's claim that there was no physical evidence – essentially a challenge to the sufficiency of the evidence – is procedurally defaulted and, thus, barred from review on the merits, because he failed to raise it on direct appeal, raising it only in his state habeas application where the claim was not cognizable. *Hunter,* 2016 WL 1085556, at *1; Doc. 17-16 at 15-16; Doc. 17-15 at 9 (finding sufficiency of evidence claim not cognizable in state habeas application); *see Reed v. Thaler*, 428 F. App'x 453, 454 (5th Cir. 2011) (per curiam) (holding

that when a petitioner raises a sufficiency claim only in his state habeas application, "the Texas Court of Criminal Appeals' denial of his application [is] based on an independent and adequate Texas procedural ground such that his sufficiency claim is procedurally defaulted" in the federal court (citing *Busby v. Dretke,* 359 F.3d 708, 718 (5th Cir. 2004); *Ex parte Grigsby,* 137 S.W.3d 673, 674 (Tex. Crim. App. 2004))).  As before, Hunter fails to demonstrate cause for the default and actual prejudice, or that a fundamental miscarriage of justice would occur if the Court were to refuse to consider his claim.  *See Coleman*, 501 U.S. at 750.   In his reply, he refers only to the merits of his insufficiency-of-the-evidence claim.  Doc. 19 at 4-5; *see also* Doc. 24 at 5-7 (*Mot. for Partial Summ. J.*).   Consequently, Claim 4 is procedurally barred from federal habeas review.

### C.  Actual Innocence is not Cognizable – Claim 2

Hunter asserts his "innocence" due to the inadequacy of the evidence presented at trial. Doc. 3 at 6, 20; Doc. 19 at 4; Doc. 24 at 1-5 (*Mot. for Partial Summ. J.*).  However, actual innocence is not cognizable as a freestanding federal habeas claim.  *Reed v. Stephens*, 739 F.3d 753, 766-68 (5th Cir. 2014) (summarizing circuit precedent precluding freestanding innocence claim and considering actual innocence only in the context of procedurally defaulted claim); *Foster v. Quarterman*, 466 F.3d 359, 367-68 (5th Cir. 2006) ("actual-innocence is not an independently cognizable federal-habeas claim").  Accordingly, to the extent Petitioner intends to raise an actual innocence claim, it is not cognizable.

### III.   REMAINING CLAIMS LACK MERIT

A petitioner is not entitled to habeas corpus relief unless the state court's adjudication on the merits:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A petitioner bears the burden of establishing that he is entitled to relief. *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002). However, that burden is "difficult to meet," *Harrington v. Richter*, 562 U.S. 86, 102, 105 (2011), because the state court's decision is reviewed under a "highly deferential" standard and afforded the "benefit of the doubt." *Woodford*, 537 U.S. at 24 (citation and internal quotation marks omitted). Section 2254(d) "was meant to stop just short of imposing a complete bar to federal court relitigation of claims already rejected in state court proceedings, allowing for federal habeas relief only where there have been 'extreme malfunctions in the state criminal justice systems.'" *Wilson v. Cain*, 641 F.3d 96, 100 (5th Cir. 2011) (quoting *Richter*, 562 U.S. at 102). Consequently, "even if the federal court disagrees with the state court ruling, the federal court should not grant habeas relief unless the state court ruling was objectively unreasonable." *Wilson*, 641 F.3d at 100; *see Richter*, 562 U.S. at 101 ("an *unreasonable* application of federal law is different from an *incorrect* application of federal law" (quotations and quoted case omitted; emphasis in original)).

In addition, the Court reviews claims of ineffective assistance of counsel under a "doubly deferential" standard, taking "a 'highly deferential' look at counsel's performance," under

*Strickland v. Washington*, 466 U.S. 668, 689 (1984), "through the 'deferential lens of § 2254(d).'" *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011) (quoted cases omitted). In light of the deference accorded by section 2254(d)(1), "[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable." *Richter*, 562 U.S. 86, 101.

To establish ineffective assistance of counsel at trial, a petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. 668, 687. The Court need not address both components if the petitioner makes an insufficient showing on one. *Id.* at 697. To establish deficient performance, a petitioner must show that his attorney's actions "fell below an objective standard of reasonableness." *Id.* at 689. In evaluating an attorney's performance, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," or that under the circumstances the challenged action might be considered sound trial strategy. *Id.* at 689. Under *Strickland*'s prejudice prong, a petitioner additionally must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

**A. Counsel's Failure to Subpoena Witnesses – Remainder of Claim 1**

Hunter asserts trial counsel rendered ineffective assistance in failing to subpoena the dispatch officer and the defense investigator. Doc. 3 at 6, 14. Because he cannot overcome the "relitigation bar," he is not entitled to relief on this claim. *See Thomas v. Vannoy*, 898 F.3d 561, 566 (5th Cir. 2018) (reaffirming "so-called 'relitigation bar'").

Relying on trial counsel's affidavit, the state habeas court found:

> Applicant has failed to show what a more in-depth investigation would have shown. Further, Applicant acknowledges that counsel [Douglas Shopmeyer] had the assistance of an investigator, Joe Vela, in this case. (Application at 7).
>
> Schopmeyer notes that the State had many credible witnesses who testified they saw Applicant shoot the complainant.
>
> Applicant has failed to state how Schopmeyer's failure to call witnesses caused him harm. Applicant has failed to show that such witnesses were available and that he would have benefitted from their testimony.

Doc. 17-15 at 8-9.

In his federal petition, Hunter also fails to present adequate factual support for his claim that counsel was ineffective for failing to investigate. Allegations of a counsel's failure to investigate must state with specificity what the investigation "would have revealed and how it would have altered the outcome of the trial." *Lockett v. Anderson*, 230 F.3d 695, 713 (5th Cir. 2000). Hunter plainly fails to meet this burden. Moreover, to show that counsel rendered ineffective assistance by neglecting to secure and call a lay or expert witness, the petitioner must "name the witness, demonstrate that the witness was available to testify and would have done so, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable to a particular defense." *Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009). Hunter fails to offer any evidence that the dispatch officer and Vela were available and willing to testify and that their testimony would have been favorable to his defense.

In sum, Hunter has not produced clear and convincing evidence to rebut the presumption of correctness afforded the state habeas court's decision. 28 U.S.C. § 2254(e)(1). Because he has not demonstrated that the state court's decision rejecting his ineffective-assistance claim was contrary to or an unreasonable application of clearly established federal law, his federal claim also has no merit.

### B. Prosecutorial Misconduct – Claim 5

Hunter contends that during the rebuttal closing argument in the punishment phase of trial, the prosecutor improperly commented on his refusal to testify, violating his Fifth Amendment rights. Doc. 3 at 8, 19. He complains about the following argument:

> What a day it is when you can come into a court of law and you can say to 12 citizens that live in your community, I know that I shot somebody at point blank range and almost killed them, I know I did that. Oh but, I'm an alcoholic so put me on probation. What a day in Dallas County.

Doc. 3 at 19.

The court of appeals rejected Hunter's assertion:

> Viewed from the jury's perspective, however, the prosecutor's rebuttal argument does not at all clearly or directly refer to [Hunter]'s failure to testify. And even if the argument could be considered an implied or indirect allusion to [Hunter]'s failure to testify, such an indirect reference does not amount to an impermissible comment on [Hunter]'s right not to testify. Indeed, when viewed in context, the prosecutor's argument could be seen as merely an attempt by the State to summarize the defense's punishment evidence and respond to opposing counsel's argument, both of which are well within the permissible areas of jury argument. We conclude the trial court did not abuse its discretion by overruling [Hunter]'s objection, and we overrule [Hunter]'s second issue.

*Hunter*, 2016 WL 1085556, at *5.

"Prosecutorial misconduct is not a ground for [habeas] relief unless it casts serious doubt upon the correctness of the jury's verdict." See *Styron v. Johnson*, 262 F.3d 438, 449 (5th Cir. 2001). A prosecutorial misconduct claim requires a court to consider three factors: "1) the magnitude of the prejudicial effect of the [prosecutorial action]; 2) the efficacy of any cautionary instruction given by the judge; and 3) the strength of the evidence supporting the conviction." *Id*. "Only where improper prosecutorial comments substantially affect the defendant's right to a fair trial do they require reversal." *Id.*

Upon review of the record, the Court agrees with the findings of the state habeas court. *See Dinkins v. State*, 894 S.W.2d 330, 357 (Tex. Crim. App. 1995) (en banc) ("Permissible jury argument is limited to four areas: 1) summation of the evidence; 2) reasonable deductions from the evidence; 3) responses to opposing counsel's argument; and, 4) pleas for law enforcement."). Thus, Hunter has not shown that the state court's decision to deny his prosecutorial misconduct claim was contrary to, or involved an unreasonable application, of clearly established federal law. Accordingly, this ground also fails.[3]

## IV. EVIDENTIARY HEARING NOT REQUIRED

Hunter appears to request an evidentiary hearing to develop the record. *See Motion for State to Produce Record to Support Sufficiency of Evidence*, Doc. 26 at 1 (requesting "call notes"). However, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011); *see also Blue v. Thaler*, 665 F.3d 647, 656 (5th Cir. 2011) (same rule applies to factual determinations under section 2254(d)(2)). Here, as in *Pinholster*, the petition concerns only claims under section 2254(d)(1) that were adjudicated on the merits in state court. Hunter cannot

---

[3] To the extent Hunter attempts to raise a new claim in his reply – relating in part to "prosecutorial misconduct, confrontation clause, and false accusations" – it is not addressed. Doc. 19 at 9; *see Order to Answer*, Doc. 5 (limiting any reply to arguments raised in the Respondent's Answer and explicitly prohibiting any new allegations of fact or new grounds for relief (citing Local Civil Rule 7.2(c)). Moreover, insofar as Hunter raises anything other than a Fifth Amendment challenge, the Court agrees that his claim is procedurally barred. The Fifth Court of Appeals held, *inter alia*, that his Fourteenth Amendment arguments "do not comport with and are not preserved by the Fifth Amendment objection at trial." *Hunter v. State*, 2016 WL 1085556, at *3. Hunter does not attempt to refute the Respondent's procedural bar argument. Doc. 14 at 12; Doc. 19 at 10.

overcome the limitation of section 2254(d)(1) on the record that was before the state court. Accordingly, he is not entitled to an evidentiary hearing.

### V.     LEAVE TO AMEND NOT WARRANTED

On April 23, 2018, more than five months after Respondent filed her answer, Hunter submitted his *First Motion of Civil Procedure to Amend Pleadings to Conform Pleading to Evidence and to Raise Unpleaded Issues as Abuse of Discretion*. Doc. 23.  On August 16, 2018, he filed his *Omnibus Motion to Conform Evidence to Pleading and Motion for Summary Partial Judgment Based on Supporting Evidence of Facts*. Doc. 27.  Because more than 21 days elapsed since the filing of Respondent's responsive brief, Hunter "may amend [his] pleading only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2).  As mentioned previously herein, Respondent prospectively opposed any request to raise new claims or evidence. Doc. 14 at 6.  Although the Court should freely give leave when justice requires," FED. R. CIV. P. 15(a)(2), for several reasons, justice does not require the grant of leave to amend in this case.

First, the motions seek to raise new arguments and claims.  However, Hunter failed to submit a motion for leave to amend <u>along with</u> a proposed amended petition that included <u>all</u> claims he seeks to raise in this case. *See* Local Rule 15.1 (requiring that motion for leave to amend be accompanied by proposed amended complaint/petition); *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (amended pleading will replace and supersede all previously filed pleadings). That notwithstanding, the one-year statute of limitations expired in May 2018, 28 U.S.C. § 2244(d)(1), and Hunter attempts to introduce new claims, legal theories and facts.  *See* FED. R. CIV. P. 15(c)(1)(B); *Mayle v. Felix*, 545 U.S. 644, 664, 650 (2005) (concluding that only claims

"tied to a common core of operative facts" as the claims in the original petition will relate back). As such, even if properly pled, his newly raised claims and arguments are untimely, as they do not relate back to his prior claims. *Felix*, 545 U.S. at 650 (holding that "a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth" does not relate back and, thus, is time barred); *United States v. Gonzalez*, 592 F.3d 675, 680 (5th Cir. 2009) ("New claims of ineffective assistance of counsel do not automatically relate back to prior ineffective assistance claims simply because they violate the same constitutional provision.").

## VI.   CONCLUSION

For the foregoing reasons, Hunter's petition for writ of habeas corpus, motion for leave to amend, Doc. 23, and motion for summary judgment, Doc. 27, should be **DENIED**.

**SO RECOMMENDED** on October 4, 2018.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).