# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| **JOSEPH WAYNE HUNTER,** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. **3:17-CV-01886-L-BT** |
| | § | |
| **LORIE DAVIS, *Director*, TDCJ-CID,** | § | |
| | § | |
| Respondent. | § | |

## ORDER

Before the court are Joseph Wayne Hunter's ("Petitioner") Petition for Writ of Habeas Corpus (Doc. 3), filed July 17, 2017; Lorie Davis's ("Respondent") Response (Doc. 14), filed November 17, 2017; Petitioner's Motion to Amend Pleadings to Conform (Doc. 23), filed April 23, 2018; Petitioner's Motion to Conform Evidence to Pleadings and Motion for Summary Partial Judgment (Doc. 27), filed August 16, 2018; Petitioner's Motion for Leave to Proceed in forma pauperis (Doc 30), filed October 15, 2018; and Petitioner's Motion for State to Produce Part of the Record and Motion to Appoint Counsel (Doc. 31), filed October 15, 2018. On October 4, 2018, United States Magistrate Judge Renée Harris Toliver entered the Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report"), recommending that the court dismiss the petition and deny the motion for leave to amend and motion for partial summary judgment.

The magistrate judge made several rulings regarding Petitioner's claims. First, she concluded that Petitioner's ineffective assistance of counsel claims were procedurally barred. According to Petitioner, the claims were based on trial counsel's failure to subpoena the medical doctor, head detective, and lead investigator; trial counsel's failure to investigate the 911 call notes

**Order – Page 1**

and the investigator's reports; and appellate counsel's failure to raise certain issues on appeal. Second, with respect to the ineffective assistance of counsel claim Petitioner raised in his state habeas petition, which was based on trial counsel's failure to subpoena the dispatch officer and defense investigator, the magistrate judge concluded it was substantively without merit because Petitioner failed to overcome the relitigation bar of § 2254(d) that requires an applicant to show the state court's decision was contrary to or an unreasonable application of clearly-established federal law. Third, the magistrate judge concluded that Petitioner's "no evidence" claim was procedurally barred because he failed to raise it on direct appeal in state court. Fourth, the magistrate judge agreed with the findings of the state habeas court that Petitioner's prosecutorial misconduct claim, which was based on statements the prosecutor made during rebuttal closing argument during sentencing, failed to establish that the comments were impermissible or that they substantially affected Petitioner's right to a fair trial. The magistrate judge determined that Petitioner had not shown that the state court's decision on the prosecutorial misconduct claim was contrary to or an unreasonable application of clearly-established federal law. Finally, the magistrate judge recommended dismissal of his actual innocence claim because such claim is not cognizable as a freestanding federal habeas claim.

On October 25, 2018, Petitioner filed Objections to the Report (Doc. 32). With respect to the magistrate judge's finding that some of his ineffective assistance of counsel claims were procedurally barred, Petitioner contends that "they should have been brought up on direct appeal" but "Texas Procedure makes it virtually impossible for Appellate counsels to adequately present an ineffective assistance of counsel 'claims' [because] the trial court record will often fail to contain the information necessary to substantiate the claim." Doc. 32 at 2. Petitioner cites *Robinson v. State*, 16 S.W.3d 808 (Tex. Crim. App. 2002), in which the court held that a defendant does not

forfeit the right to raise an ineffective assistance of counsel claim on direct appeal when he or she fails to first raise it to the trial court. The magistrate judge, however, pointed out that Petitioner's ineffective assistance of counsel claim is procedurally barred because he failed to raise it in his state habeas petition—not because he failed to raise it on direct appeal. The court in *Robinson* explained that a procedural bar should not be enforced for an appellant's ineffective assistance claim on appeal because, among other reasons, a postconviction writ proceeding is the preferred method for gathering the facts necessary to substantiate such a Sixth Amendment challenge. *Robinson*, 16 S.W.3d at 810. In his state habeas application, Petitioner wholly failed to raise the ineffective assistance of counsel claims based on counsel's failure to subpoena certain witnesses, failure to investigate 911 call notes and investigator reports, and failure to raise certain issues on appeal.

Petitioner's objection also does not undermine the magistrate judge's finding that he failed to allege or show cause for the default and actual prejudice, or that a fundamental miscarriage of justice would occur if the court were to refuse to consider his claims. Petitioner attempts to show cause by stating his trial counsel and appellate counsel were ineffective in failing to raise these claims at the trial level and on direct appeal. Petitioner also attempts to show cause by noting he proceeded pro se when filing his state habeas application. He cites *Trevino v. Thaler*, 569 U.S. 413 (2013), in which the Supreme Court recognized a narrow exception in which a Texas procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance of counsel at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective. Although Petitioner indicates he proceeded pro se in his state habeas proceeding, he does not demonstrate that the ineffective assistance of trial counsel claim is substantial. A prisoner shows that such claim is substantial by demonstrating that it has some merit.

**Order – Page 3**

*Martinez v. Ryan*, 566 U.S. 1, 14 (2012). To establish ineffective assistance of counsel at trial, a petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 689 (1984). Petitioner fails to show either. The objection to the procedural bar on his ineffective assistance of counsel claim is, therefore, **overruled**.

Petitioner also objects to the magistrate judge's finding that he failed to overcome the relitigation bar in § 2254(d) with respect to his prosecutorial misconduct claim and the ineffective assistance of counsel claim that he raised in his state habeas application. Petitioner merely restates his grounds for relief and makes the conclusory argument that the trial court's findings, which the Texas Court of Criminal Appeals relied on in denying state habeas relief, were unreasonable in light of facts presented in state court and in light of clearly established law. Petitioner notes that the Texas Court of Criminal Appeals issued an order seeking an affidavit from trial counsel addressing the grounds of Petitioner's ineffective assistance of counsel claim. Doc. 32 at 9. Petitioner references portions of the affidavit in which counsel explains the basis for his trial strategy, specifically his decision not to admit a police report during Petitioner's trial because it contained Petitioner's substantial criminal record. Doc. 32 at 10-11. Counsel also explains that it is best practice not to admit this police reports as evidence, but rather to use them as a cross-examination tool, because they contain hearsay and other damaging evidence. *Id*. Petitioner makes an incoherent argument that counsel's reasoning cannot be considered trial strategy because counsel was unfamiliar with the law under Texas Code of Criminal Procedure 37.07 (requiring general verdicts in criminal actions) and Texas Rules of Evidence 403 (excluding relevant evidence for prejudice, confusion, or other reasons) and 105 (regarding evidence that is not admissible against other parties or for other purposes). This argument fails to persuade the court

that counsel's actions "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 689. Petitioner's objections to the dismissal of his exhausted ineffective assistance of counsel claim and prosecutorial misconduct claim are, thus, **overruled**.

Petitioner makes an oblique reference to the issue of whether he should receive an evidentiary hearing; however, he fails to address the magistrate judge's basis for concluding such a hearing was unwarranted. Petitioner argues he should receive an evidentiary hearing because he did not receive a full and fair evidentiary hearing in state court either at the time of the trial or in a collateral proceeding, but Petitioner does not provide any facts or support for the court to determine that such is the case. As his argument is conclusory and fails to respond adequately to the magistrate judge's recommendation on this issue, the court **denies** Petitioner's request.

Having reviewed the record in this case, Report, and applicable law, and, having conducted a de novo review of the Report to which objections were made, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, the court **overrules** the objections and **dismisses with prejudice** this action for failure to show entitlement to relief under 28 U.S.C. § 2254(d). Given the court's determination that Petitioner's habeas petition should be denied with prejudice, the court **denies as moot** his Motion for Leave to Proceed in forma pauperis and his Motion for State to Produce Part of the Record and Motion to Appoint Counsel, which were filed for purposes of proceeding in this case.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court denies a certificate of appealability.[*] The court determines that Petitioner has failed to

---

[*] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:

(a) Certificate of Appealability. The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may

**Order – Page 5**

show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In support of this determination, the court accepts and incorporates by reference the Report filed in this case. In the event that Petitioner files a notice of appeal, he must pay the $505 appellate filing fee or submit a motion to proceed in forma pauperis on appeal.

**It is so ordered** this 30th day of November, 2018.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge

---

direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

(b) Time to Appeal. Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

**Order – Page 6**