IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSEPH WAYNE HUNTER, #01981619, PETITIONER, | § § § § | |
| v. | § § | CIVIL CASE NO. 3:17-CV-1886-L-BK |
| LORIE DAVIS, DIRECTOR, TDCJ-CID, RESPONDENT. | § § § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the District Judge's February 22, 2019 *Order of Reference*, Joseph Wayne Hunter's post-judgment *Omnibus Motion to Amend*, filed on December 20, 2018, was referred to the United States Magistrate Judge for findings and a recommended disposition. Doc. 35; Doc. 41. By the motion, Hunter apparently seeks leave to amend his habeas corpus petition. Hunter's petition is no longer pending, however. On November 30, 2018, the Court adopted the *Findings, Conclusions and Recommendations of the United States Magistrate Judge* and denied Hunter's habeas corpus petition. Doc. 33; Doc. 34. On December 26, 2018, Hunter filed his notice of appeal of the Court's judgment, which is pending before the United States Court of Appeals for the Fifth Circuit. Doc. 36.

As such, Hunter's request to amend is moot and should be denied as such.

**SO RECOMMENDED.**

March 7, 2019.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).