IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JOSEPH WAYNE HUNTER, #01981619,** | § | |
| | § | |
| Petitioner, | § | |
| v. | § | Civil Action No. **3:17-CV-1886-L** |
| | § | |
| **LORIE DAVIS, Director, Texas** | § | |
| **Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| | § | |
| Respondent. | § | |

# ORDER

The Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 42) was entered on March 7, 2019, recommending that the court deny as moot Petitioner's Omnibus Motion to Amend his Pleading or habeas petition ("Motion") (Doc. 35), filed December 20, 2019, in light of the appeal of the judgment taken by Petitioner on December 26, 2019.

Petitioner filed objections to the Report, which were received and docketed on March 21, 2019. Petitioner contends that his Motion is not moot because it was filed 6 days before his Notice of Appeal. In addition, Petitioner contends that the magistrate judge failed to conduct a hearing on his Motion, and the Report does not set forth any federal law that precludes the court from considering his Motion. As he did in his Motion, Petitioner contends in his objections that he is entitled under Federal Rule of Civil Procedure 15(b) to move at any time, even after entry of judgment, for leave to amend his pleadings in response to a recommended dismissal to conform them to the evidence and raise "unpleaded issues." Obj. 2. Petitioner, therefore, requests that the court conduct a hearing on his Motion and "address the issues in the [M]otion for the truth of the matter

Order – Page 1

asserted . . . and contact the Fifth Circuit [Court] of Appeal[s] of [any reversal], so [the case] may be . . . remanded back to the U.S.D.C" for further proceedings. *Id.*

Federal Rule of Civil Procedure 15(b) applies to amendment of pleadings during and after trial based on an objection made at trial or issues tried by consent, neither of which applies here, as Petitioner's habeas claims were resolved without the necessity of a trial, and he points to no issues that were tried by consent. Moreover, Petitioner does not actually seek in his Motion to amend his pleadings or indicate how he would do so if permitted. He, instead, argues why he believes that the magistrate judge in a related case filed by him is involved in a conspiracy and sets forth the reasons he believes that his claims were wrongly decided in this case. In other words, Petitioner's Motion challenges the order and judgment (Docs. 33, 34) entered in this case on November 30, 2019, in which the court accepted the magistrate judge's findings, conclusions, and recommendation (Doc. 28) to: (1) deny his habeas claims, summary judgment motion, request for an evidentiary hearing, and motion for leave to amend his pleadings; and (2) dismiss with prejudice this action.

For this reason and because the Motion was filed with within 28 days of the date the judgment was entered, the court liberally construes the Motion as one to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). *See Williams v. Thaler*, 602 F.3d 291, 303 & n.10 (5th Cir. 2010) ("When a litigant files a motion seeking a change in judgment, courts typically determine the appropriate motion based on whether the litigant filed the motion within Rule 59(e)'s time limit."). A motion to alter or amend the judgment under Rule 59(e) "calls into question the correctness of a judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (citation omitted). Amending a judgment under Rule 59(e) is appropriate: "(1) whe[n] there has been an intervening change in the controlling law; (2) whe[n] the movant presents newly discovered evidence

that was previously unavailable; or (3) to correct a manifest error of law or fact." *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 (5th Cir. 2012) (citing *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003)). Rule 59(e), however, is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before entry of judgment," *Templet*, 367 F.3d at 478, and may not be used to relitigate issues that were resolved to the movant's dissatisfaction. *Forsythe v. Saudi Arabian Airlines Corp.*, 885 F.2d 285, 289 (5th Cir. 1989). District courts have "considerable discretion in deciding whether to grant or deny a motion to alter a judgment." *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995). In exercising this discretion, a district court must "strike the proper balance between the need for finality and the need to render just decisions on the basis of all the facts." *Id*. With this balance in mind, the Fifth Circuit has observed that Rule 59(e) "favor[s] the denial of motions to alter or amend a judgment." *Southern Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993). Reconsideration of a judgment under Rule 59(e) is, therefore, considered "an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479.

Although the Motion includes a "Sworn Declaration" in which Petitioner states, "I swear under penalty [of] perjury that the foregoing motion is true and correct and the statements [indecipherable,]" Petitioner simply reargues matters in the Motion that were previously addressed in the magistrate judge's orders and the parties' filings and fails to satisfy any of the requirements for relief under Rule 59(e). The Motion is, therefore, an improper attempt to relitigate matters previously resolved to his dissatisfaction, which does not entitle Petitioner to relief under either Rule 59(e) or Rule 15(b). In addition, Petitioner has not explained why an evidentiary hearing is necessary to resolve his Motion, and the court determines that no hearing is required or needed.

*United States*, 652 F.2d 478, 481 (5th Cir. 1981) (explaining that a Rule 59 motion may generally be denied without an evidentiary hearing).

Accordingly, having reviewed the Motion, file, record in this case, and Report, and having conducted a de novo review of that portion of the Report to which objection was made, the court determines that the findings and conclusions of the magistrate judge are correct, **accepts** them as those of the court *as supplemented by this order*, **overrules** Petitioner's objections, and **denies** his Omnibus Motion to Amend his the Pleading or habeas petition (Doc. 35).

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.* The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). In support of this determination, the court accepts and incorporates by reference the Report *as supplemented by this*

---

* Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:

    **(a)**     **Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

    (**b**)     **Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

*order*. In the event that Petitioner files a notice of appeal, he must pay the $505 appellate filing fee or submit a motion to proceed *in forma pauperis* on appeal.

**It is so ordered** this 22nd day of May, 2019.

Sam A. Lindsay
United States District Judge